IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHANIE HARPER,

    Plaintiff,

v.                                                    CASE NO. 4:21cv85-RH-MJF

MARK GLASS, Commissioner
of the Florida Department of
Law Enforcement,

    Defendant.

_____/

## JUDGMENT

Some of the claims in this action were dismissed on pretrial motions, but judgments were not entered under Federal Rule of Civil Procedure 54(b). The remaining claims were tried to the court. This Federal Rule of Civil Procedure 58 judgment resolves all claims among all parties.

    IT IS ADJUDGED:

    1. It is declared that Florida Statutes § 943.0435(4)(a) is unconstitutional to the extent it (a) requires a sex-offender registrant to report in person to the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") a change of "permanent" or "temporary" "residence," as defined in Florida Statutes

§ 775.21(2)(k) and (n), that is not either a change of address of the kind that all holders of driver's licenses or identification cards must report or a change of the registrant's home or a change of the place where the registrant habitually lives, and (b) requires a sex-offender registrant to "provide confirmation" that the registrant has reported such information to DHSMV. Florida Statutes § 943.0435(4)(a), in all other respects, and § 943.0435(7) are constitutional on their face and as applied to the plaintiff and do not violate the ex post facto clause.

    2. By May 24, 2024, the defendant Commissioner of the Florida Department of Law Enforcement must make available a method by which registrants may report online or through similarly accessible means any change of "permanent" or "temporary" "residence," as defined in Florida Statutes § 775.21(2)(k) and (n), as required by Florida Statutes § 943.0435(4)(a), that is not a change of address, change of the registrant's home, or change of the place where the registrant habitually lives.

    3. The injunction in paragraph 2 binds the Commissioner and his officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

4. The plaintiff's other claims in this action, to the extent based on federal law, are dismissed with prejudice, and to the extent based on state law, are dismissed without prejudice based on the Eleventh Amendment.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

March 27, 2024
DATE

*s/ Cindy Markley*
Deputy Clerk: Cindy Markley